**Michael RABY, Kelly Raby, and Makayla Raby, as assignees of Winifred Chambers, M.D. and Durham Medical Center, Plaintiffs—Appellants,**

v.

**AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY and AIG Technical Services, Inc., Defendants—Appellees.**

No. 06–15742.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Feb. 28, 2008.

John W. Fisk, Mark E. Ferrario, Esq., Tami D. Cowden, Esq. Kummer Kaempfer Bonner Rensha & Ferrario, Las Vegas, NV, for Plaintiffs–Appellants.

---

Celia Moutes–Lee, Esq., Lewis Brisbois Bisgaard & Smith, Los Angeles, CA, for Defendants–Appellees.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

### MEMORANDUM *

The Rabys stand in the shoes of Durham Medical Center and Dr. Chambers, for purposes of their Complaint against American International Specialty Lines Insurance Company.

■ Although there was a genuine issue of fact regarding notice of the claim to Health Insurance Services, the issue of fact is not material. American International's policy requires that notice be "given in writing to Michael Mitrovic, Esq.," with his address. The policy defines the word "us" to mean American International Specialty Lines Insurance Company[1] so that there can be no question that "us" meant American International, not Health Insurance Services. This language made it clear that although notice to the insurance agent was necessary, it was not sufficient. There is no genuine issue of fact about whether Durham and Chambers gave the required notice to of the claim to American International within the period allowed by this "claims-made" policy.

■ The deposition testimony did not establish a genuine issue of fact as to whether American International had clothed Health Insurance Services with actual or ostensible authority as an agent for notice of claims. That Health Insurance Services had previously sent on a timely claim to American International did not establish that American International had or would treat claims not forwarded to itself as though they were, if they were sent instead to Health Insurance Services. Under *Ellis v. Nelson*[2] apparent authority proceeds on the theory that it is an estoppel against the principal to "deny agency when by his conduct he has clothed the agent with apparent authority to act."[3] Under Nevada law it is "indispensable" to note that reliance may be only upon what the principal has done and that the acts of the agent cannot be relied upon as alone sufficient to support apparent agency.[4] There was no evidence to show that American International had acted in a manner to invite understanding that notice to Health Insurance Services without notice to itself would suffice. Under *Grand Hotel Gift Shop v. Granite State Insurance Co.*[5] Health Insurance Services acted as an agent of the insureds here, Durham and Chambers, not as an agent of American International.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The policy provides: " 'We' or 'us' or 'our' means American International Specialty Lines Insurance Company."

2. *Ellis v. Nelson,* 68 Nev. 410, 233 P.2d 1072 (1951).

3. *Id.* at 1076.

4. *Id.*

5. *Grand Hotel Gift Shop v. Granite State Insurance Company,* 108 Nev. 811, 839 P.2d 599 (1992).